owner of the mortgaged property by a deed reciting that a portion of the purchase price of the purchased property be retained by the third mortgagee to apply on incumbrances on the mortgaged property, including incumbrance of a second mortgagee, such recital constitutes evidence sufficient to corroborate the second mortgagee's claim that the third mortgagee promised to settle the second mortgagee's incumbrance in consideration of the second mortgagee's promise to forbear from redeeming the mortgaged property after foreclosure sale.

2. APPEAL AND ERROR, § 966*—*when question not presented in record not considered.* The question of the duty of a party to reduce damages resulting from a breach of contract will not be considered in appeal where such question is not raised in the record.

3. FRAUDS, STATUTE OF, § 118*—*when must be pleaded.* Statute of Frauds to be available as a defense must be pleaded.

## The People of the State of Illinois, Defendant in Error, v. Nelson King, Plaintiff in Error.

## Gen. No. 20,634.    (Not to be reported in full.)

Error to the Criminal Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed April 13, 1915.

### Statement of the Case.

Prosecution by The People of the State of Illinois against Nelson King on an indictment charging larceny and operation of a confidence game. From a judgment entered on a verdict of guilty, the defendant prosecutes a writ of error.

The record on appeal showed an indictment against the plaintiff in error containing two counts, one charging the obtaining of thirty dollars by means and use of the confidence game and the other larceny of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that sum, the waiver of the "felony charge" by the People, a plea of "not guilty of obtaining money by false pretenses," a waiver of jury trial by plaintiff in error, and an order adjudging the defendant guilty of obtaining money by false pretenses upon the indictment in the cause and a plea of guilty, and sentencing him to the House of Correction for one year.

EDWARD H. WRIGHT, for plaintiff in error; GEORGE W. BLACKWELL, of counsel.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

CRIMINAL LAW, § 371*—*when conviction on waiver of felony improper.* Where, in an indictment charging the defendant with obtaining thirty dollars by means and use of a confidence game and with larceny of that sum, the "felony charge" is waived by the People, no conviction can be had for obtaining money by false pretenses inasmuch as the waiver eliminated both charges, no conviction being valid on any charge not set forth in an indictment even though entered on a plea of guilty.

---

Charles B. Stafford et al., trading as Sabath, Levinson & Stafford, Appellants, v. Barbara Vacek et al., Appellees.

Gen. No. 20,876. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Suit dismissed and stricken from docket. Opinion filed April 13, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.